# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

      v.                        Case No. 07-CR-93

**JOSHUA M. PETERSON,**

      **Defendant.**

## ORDER DENYING DEFENDANT'S MOTION TO SEVER COUNT THREE

On April 17, 2007, the grand jury returned a three-count indictment against Joshua M. Peterson ("Peterson"). In count one, the grand jury alleged that in connection with his attempted acquisition of a shotgun, Peterson falsely stated on the Firearms Transaction Record (ATF Form 4473) that he had not been convicted of a misdemeanor crime of domestic violence, in violation of Title 18, United States Code, Section 922(a)(6) and 924(a)(2). Count two alleges a separate incident where Peterson allegedly violated Title 18, United States Code, Section 922(a)(6) and 924(a)(2) by attempting to acquire a firearm by falsely stating that he had not been convicted of a misdemeanor crime of domestic violence. Count three alleges that Peterson violated Title 18, United States Code, Sections 922(g)(9) and 924(a)(2) by possessing a firearm after having been convicted of a misdemeanor crime of domestic violence.

Peterson has filed a motion to sever count three. The pleadings on the defendant's motion are now closed and the matter is ready for resolution. A final pre-trial conference is scheduled for July 9, 2007, and a jury trial is scheduled to commence before the Honorable Lynn Adelman on July 18, 2007.

Peterson alleges that count three is not properly joined under Federal Rule of Criminal Procedure 8(a) because it is not based on the same or similar character, same transaction, or part of a common scheme or plan. Alternatively, Peterson alleges that count three should be severed pursuant to Fed. R. Crim. P. 14 because joinder would result in unfair prejudice to the defendant. The government responds that joinder is proper because the crimes are of a similar character and joinder is not prejudicial and would promote judicial efficiency and economy.

When separate offenses against a single defendant are of the "same or similar character," such offenses may be joined in a single indictment. Fed. R. Crim. P. 8(a). "Rule 8 should be broadly construed in order to increase judicial efficiency and to avoid costly and duplicative trials." United States v. Freland, 141 F.3d 1223, 1226 (7th Cir. 1998) (citing United States v. Archer, 843 F.2d 1019, 1021 (7th Cir. 1988)). The question of whether or not two counts are properly joined under Rule 8(a) must be determined by looking at only the indictment and not the evidence that may be later presented at trial. United States v. Alexander, 135 F.3d 470, 475-76 (7th Cir. 1998). Charges in an indictment may be of the same or similar character if they allege violations of "two closely-related statutory prohibitions." United States v. Turner, 93 F.3d 276, 283-84 (7th Cir. 1996) (citing United States v. Coleman, 22 F.3d 126, 133 n.10 (7th Cir. 1994)). "[I]f offenses are of like class, although not connected temporally or evidentially, the requisites of proper joinder should be satisfied so far as Rule 8(a) is concerned." Coleman, 22 F.3d at 133.

In the view of the court, all counts in the indictment are clearly related. All counts allege violations of 28 U.S.C. § 922 and the penalty for each count is set forth in 18 U.S.C. § 924(a)(2). All counts relate to firearms and an element of each alleged offense is Peterson's prior conviction for a misdemeanor crime of domestic violence. The distinction is that in counts one and two Peterson is charged with his alleged efforts to obtain a firearm whereas in count three, Peterson is charged with the actual possession of the firearm. Although the crime of making a false statement

2

in an effort to obtain a firearm is obviously factually distinct from the crime of illegally possessing a firearm, the commonality between these crimes is nonetheless substantial and more than sufficient so as to tried together as offenses of similar character.

The court further finds no basis to order severance pursuant to Federal Rule of Criminal Procedure 14. Peterson's argues, "[o]ther than through joinder, evidence of Count Three would not otherwise be admissible in a trial on Counts One and Two." The government responds that any potential prejudice may be cured by properly instructing the jury that each count must be given separate consideration and that a finding of guilt in one offense does not require a finding of guilt on any other offense.

Severance is proper pursuant to Rule 14 if the defendant is able to demonstrate actual prejudice by the joinder of counts. It is insufficient for the defendant to demonstrate that he would have a better chance of acquittal if the counts were severed. United States v. Stokes, 211 F.3d 1039, 1042 (7th Cir. 2000) (quoting United States v. Cyprian, 23 F.3d 1189, 1194 (7th Cir. 1994)). Rather, the defendant must demonstrate that absent joinder, he would be unable to obtain a fair trial. Id. at 1043; United States v. Alexander, 135 F.3d 470 (7th Cir. 1998) (citing United States v. Vest, 116 F.3d 1179, 1189-90 (7th Cir. 1997); United States v. Moya-Gomez, 860 F.2d 706, 754 (7th Cir. 1988)).

Whether or not evidence of each of the joined counts would be admissible at separate trials is an important factor in determining whether a defendant is prejudiced by the joinder of similar offenses. See United States v. Traeger, 289 F.3d 461, 473 (7th Cir. 2002); United States v. Quilling, 261 F.3d 707, 715 (7th Cir. 2001) (quoting United States v. Windom, 19 F.3d 1190, 1198 (7th Cir. 1994)). If evidence relating to one count would likely be admissible in separate trials, a defendant would be hard-pressed to show he was prejudiced by joinder.

Other than making the conclusory allegation that absent joinder, evidence relating to count three would not be admissible in a trial for counts one and two, Peterson makes no argument as to how admission of any evidence relating to count three would prejudice Peterson. Peterson provides no hint as to what his defense to counts one and two may be and how this would be undermined by the admission of evidence relating to count three.

Based upon the facts set forth in the government's reply, the facts regarding count three relate to a domestic violence incident involving Peterson, Peterson's live-in girlfriend, and a friend of his live-in girlfriend. Any potential prejudice that these facts may have upon Peterson is greatly minimized by the fact that the jury will likely learn that Peterson had been twice previously convicted of crimes of domestic violence, in light of the fact that these prior convictions are elements of all the crimes charged.

However, the court is mindful that the joinder of the crimes in counts one and two and count three may unfavorably impact Peterson in that a jury may conclude that a person who attempted to illegally obtain a firearm is more likely to have illegally possessed one and vice versa. The court does not believe that this unfavorable impact could constitute prejudice because evidence of Peterson's alleged attempted acquisition of two firearms would likely be admissible pursuant to Federal Rule of Evidence 404(b) in separate trials on charges that Peterson illegally possessed a firearm and illegally attempted to obtain a firearm. However, the admissibility of evidence is an issue left to the discretion of the trial court and therefore not a matter this court is tasked with resolving. Therefore, the court shall turn to the issue of whether prejudice would result even if evidence of each crime would not be admissible in separate trials.

The court nonetheless concludes that, regardless of admissibility of the evidence relating to each count in separate trials, Peterson would not be prejudiced by joinder of counts one and two with count three. "[J]ury instructions are an 'adequate safeguard against the risk of prejudice in the

4

form of jury confusion, evidentiary spillover and cumulation of evidence.'" United States v. Quilling, 261 F.3d 707, 715 (7th Cir. 2001) (quoting Alexander, 135 F.3d at 478.) Any risk of prejudice could be remedied by effectively instructing the jury that, for example, it must give each count its separate consideration. See United States v. Berardi, 675 F.2d 894, 901 (7th Cir. 1982).

It is the conclusion of this court that joinder of count three with counts one and two was proper pursuant to Rule 8(a) as an offense of a similar character and that severance is not necessary pursuant to Rule 14 because joinder would not result in prejudice to the defendant because evidence relating to each count would likely be admissible pursuant to Fed. R. Evid. 404(b) or that any potential prejudice could be cured by properly instructing the jury.

**IT IS THEREFORE ORDERED** that the defendant's motion for severance is **denied**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order herein or part thereof may be filed within ten days of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 25th day of May, 2007.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge