**UNITED STATES OF AMERICA**
   **Plaintiff,**

 v.            Case No. 07-CR-93

**JOSHUA PETERSON**
   **Defendant.**

## SENTENCING MEMORANDUM

Defendant Joshua Peterson pleaded guilty to two counts of making false statements to federally licensed firearm dealers, contrary to 18 U.S.C. § 922(a)(6). The charges arose out of defendant's failure to disclose his prior convictions for misdemeanor crimes of domestic violence when attempting to purchase two shotguns.

The probation office prepared a pre-sentence report ("PSR"), which set defendant's offense level at 12 (base level 14, U.S.S.G. § 2K2.1(a)(6), minus 2 for acceptance of responsibility, § 3E1.1) and his criminal history category at IV, producing an imprisonment range of 21-27 months under the sentencing guidelines. Defendant requested a below guideline sentence of between 12 and 15 months, while the government advocated a term within the range. I elected to impose an 18 month term and in this memorandum set forth the reasons.

## I. SENTENCING PROCEDURE

In imposing sentence, the district court must first calculate the advisory guideline range, then select an appropriate sentence under all of the factors set forth in 18 U.S.C. § 3553(a). See, e.g., United States v. Holt, 486 F.3d 997, 1004 (7th Cir. 2007). In the present case, the

parties did not object to the PSR's calculations, which I found correct and accordingly adopted. I proceeded then to imposition of sentence under § 3553(a).

## II. SENTENCING FACTORS

Section 3553(a) directs the court to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

After considering these factors, the court must impose a sentence that is sufficient but not greater than necessary to satisfy the purposes of sentencing – just punishment, deterrence, protection of the public and rehabilitation of the defendant. Id. In making this determination, the district court may not presume that the guideline sentence is the correct one or elevate the guidelines above the other factors in the statute. See, e.g., United States v. Schmitt, 495 F.3d

2

860, 864-65 (7th Cir. 2007).

## III. DISCUSSION

**A.	Nature of Offense**

On two consecutive days in November 2006, defendant tried to buy a shotgun and in filling out the paperwork falsely stated that he had not previously been convicted of a misdemeanor crime of domestic violence.[1]  Apparently, the dealers caught on as both transactions were denied.

These were serious crimes.  Congress has decided that certain individuals cannot be trusted with guns, and given his record of domestic violence, defendant certainly fell into that category.  Lying on these forms risks thwarting the government's efforts to keep guns out of the hands of those who should not have them.  Fortunately, in this case, both dealers apparently obtained background checks and denied the sales.

In the PSR, defendant's girlfriend claimed that a clerk at one of the stores told defendant to answer "no" to all the questions.  However, whether or not this was true, it was defendant's responsibility to answer the questions accurately.

**B.	Character of Defendant**

Defendant was twenty-six years old and had a fairly significant record, including misdemeanor convictions for disorderly conduct, criminal damage to property and battery.  He also had pending domestic violence related charges in state court.  Most of defendant's criminal justice contacts involved violent or abusive conduct towards his girlfriend, and he

---

[1] Such convictions disqualify an individual from lawfully possessing firearms.  18 U.S.C. § 922(g)(9); see also 18 U.S.C. § 921(33) (defining the term "misdemeanor crime of domestic violence").

3

typically received probation or short terms in the county jail, before or after revocation. He did not do particularly well on supervision in the community.

It appeared plain that defendant's biggest problem was with alcohol. Most or all of his priors seem to have occurred when he was drunk. Defendant acknowledged the deleterious effect of alcohol in his life and recognized that he needed treatment.

Aside from the alcohol abuse and the violence that seemed to follow when he got drunk, defendant's background was positive. He graduated high school and compiled a solid work record in the construction industry; his employers all spoke highly of him, and he had a job waiting for him when released from prison. I also received positive letters from several of defendant's family members attesting to his solid work ethic and concern for others.

Defendant's girlfriend, the victim in several of his priors, also made positive statements to the PSR writer, but I was not sure what to make of such comments, given their history. Further, despite the existence of a no contact order between the two issued in defendant's pending state case, the government indicated that defendant's recorded jail phone calls revealed continued communication between the two.[2] At the sentencing hearing, defendant attempted to downplay the number of calls. He also told the PSR writer the relationship had ended when that plainly was not the case.

Defendant's mother was killed in a car accident when he was a teenager, and it appeared that this loss had a significant effect on him. Defendant plainly had significant emotional issues to resolve.

---

[2]Defendant was detained in this case.

4

## C. Purposes of Sentencing

Given the seriousness of the offense and defendant's record, I concluded that a period of confinement in prison was necessary. Defendant's previous sentences to the county jail for a few months here and there failed to get his attention. Defendant needed alcohol treatment, and I believed that if such treatment were successful defendant's risk of re-offending would be greatly reduced, if not eliminated. But some punishment had to come first. Confinement in prison was necessary here to deter defendant from re-offending and to promote respect for the law. See 18 U.S.C. § 3553(a)(2)(A) & (B).

## D. Consideration of Guidelines and Imposition of Sentence

The guidelines recommended 21-27 months imprisonment, but I concluded that something a bit less was sufficient to satisfy the purposes of sentencing. As indicated above, there were significant positives in defendant's background, including his solid employment record and family ties. When sober, he appeared to be a decent person capable of behaving in a pro-social fashion. See 18 U.S.C. § 3553(a)(1). I believed that with alcohol treatment, which he had not previously received, he would not pose a risk to the public. See 18 U.S.C. § 3553(a)(2)(C). I required treatment as a condition of supervised release and recommended treatment through the Bureau of Prisons. See 18 U.S.C. § 3553(a)(2)(D).

Under all of the circumstances, I found a sentence of 18 months sufficient but not greater than necessary. This sentence was sufficient to promote respect for the law and deter defendant from re-offending, focus his attention to the seriousness of his behavior over the past few years, and hopefully convince him that he could not continue acting this way. See 18 U.S.C. § 3553(a)(2)(A) & (B). This sentence, while a bit below the guideline range, was still

5

several times longer than any previous term he had served and thus sufficient to deter him from re-offending. See 18 U.S.C. § 3553(a)(2)(B); see also United States v. Qualls, 373 F. Supp. 2d 873 (E.D. Wis. 2005) ("It is appropriate for a court, when considering the type of sentence necessary to . . . deter future misconduct, to note the length of any previous sentences imposed."). And, because the sentence varied from the guidelines by only 1 level and was based on the particular facts and circumstances of the case, it did not create any unwarranted disparity. See 18 U.S.C. § 3553(a)(6).

### IV.  CONCLUSION

Therefore, for the reasons stated herein and those stated on the record at the sentencing hearing, I committed defendant to the custody of the Bureau of Prisons for 18 months on each count to run concurrently. I recommended that he particulate in any alcohol and mental health treatment programs available through the Bureau of Prisons. Upon completion of his prison sentence, I ordered defendant to serve three years of supervised release – the maximum term permitted by statute, 18 U.S.C. § 3583(b)(2) – with an alcohol treatment condition and other terms that appear in the judgment.

Dated at Milwaukee, Wisconsin, this 19th day of October, 2007.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge