# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

  v.                                            **Case No. 07-CR-93**

**JOSHUA PETERSON**
        **Defendant.**

## DECISION AND ORDER

Defendant Joshua Peterson seeks early termination of his supervised release. See 18 U.S.C. § 3583(e)(1). The government opposes the request.

### I. BACKGROUND

Defendant pleaded guilty to two counts of making false statements to federally licensed firearm dealers, contrary to 18 U.S.C. § 922(a)(6), by failing to disclose his prior convictions for misdemeanor crimes of domestic violence when attempting to purchase two shotguns. At his sentencing hearing, I adopted an advisory sentencing guideline range of 21-27 months. On consideration of the factors set forth in 18 U.S.C. § 3553(a), I imposed a prison sentence of 18 months, followed by 3 years of supervised release. United States v. Peterson, No. 07-CR-93, 2007 WL 3070493 (E.D. Wis. Oct. 19, 2007).

I noted that the offenses were serious; a prospective gun purchaser's failure to disclose disqualifying convictions thwarts the government's efforts to keep firearms out of the hands of those who should not have them. Fortunately, in this case, both dealers apparently obtained background checks and denied the sales. Id. at *1-2.

I also noted that at just twenty-six years old defendant had compiled a fairly significant

record, including misdemeanor convictions for disorderly conduct, criminal damage to property, and battery. He also had pending domestic violence related charges in state court.[1] Most of defendant's criminal justice contacts involved violent or abusive conduct towards his girlfriend, and he typically received probation or short terms in the county jail, before or after revocation; he did not do particularly well on supervision in the community. I also noted defendant's serious problem with alcohol; most or all of his priors seem to have occurred when he was drunk. Id. at *2.

Aside from alcohol abuse and the violence that seemed to follow when he got drunk, defendant's background was otherwise positive. He graduated high school and compiled a solid work record in the construction industry. I also received positive letters from several of defendant's family members attesting to his solid work ethic and concern for others. Defendant's girlfriend, the victim in several of his priors, also made positive statements to the PSR writer, but I was not sure what to make of such comments, given their history. Further, despite the existence of a no contact order between the two issued in defendant's pending state case, the government indicated that defendant's recorded jail phone calls revealed continued communication between the two.[2] At the sentencing hearing, defendant attempted to downplay the number of calls; he also told the PSR writer the relationship had ended when that plainly was not the case. Id.

> Given the seriousness of the offense and defendant's record, I concluded that
> a period of confinement in prison was necessary. Defendant's previous

---

[1] Court records reveal that on March 7, 2008, defendant pleaded no contest to battery and disorderly conduct and received a sentence of two years probation consecutive to his federal sentence.

[2] Defendant was detained pre-trial in this case.

2

sentences to the county jail for a few months here and there failed to get his attention. Defendant needed alcohol treatment, and I believed that if such treatment were successful defendant's risk of re-offending would be greatly reduced, if not eliminated. But some punishment had to come first. Confinement in prison was necessary here to deter defendant from re-offending and to promote respect for the law. See 18 U.S.C. § 3553(a)(2)(A) & (B).

The guidelines recommended 21-27 months imprisonment, but I concluded that something a bit less was sufficient to satisfy the purposes of sentencing. As indicated above, there were significant positives in defendant's background, including his solid employment record and family ties. When sober, he appeared to be a decent person capable of behaving in a pro-social fashion. See 18 U.S.C. § 3553(a)(1). I believed that with alcohol treatment, which he had not previously received, he would not pose a risk to the public. See 18 U.S.C. § 3553(a)(2)(C). I required treatment as a condition of supervised release and recommended treatment through the Bureau of Prisons. See 18 U.S.C. § 3553(a)(2)(D).

Under all of the circumstances, I found a sentence of 18 months sufficient but not greater than necessary. This sentence was sufficient to promote respect for the law and deter defendant from re-offending, focus his attention to the seriousness of his behavior over the past few years, and hopefully convince him that he could not continue acting this way. See 18 U.S.C. § 3553(a)(2)(A) & (B). This sentence, while a bit below the guideline range, was still several times longer than any previous term he had served and thus sufficient to deter him from re-offending. See 18 U.S.C. § 3553(a)(2)(B); see also United States v. Qualls, 373 F. Supp. 2d 873 (E.D. Wis. 2005) ("It is appropriate for a court, when considering the type of sentence necessary to . . . deter future misconduct, to note the length of any previous sentences imposed."). And, because the sentence varied from the guidelines by only 1 level and was based on the particular facts and circumstances of the case, it did not create any unwarranted disparity. See 18 U.S.C. § 3553(a)(6).

Therefore, for the reasons stated herein and those stated on the record at the sentencing hearing, I committed defendant to the custody of the Bureau of Prisons for 18 months on each count to run concurrently. I recommended that he particulate in any alcohol and mental health treatment programs available through the Bureau of Prisons. Upon completion of his prison sentence, I ordered defendant to serve three years of supervised release – the maximum term permitted by statute, 18 U.S.C. § 3583(b)(2) – with an alcohol treatment condition and other terms that appear in the judgment.

Id. at *3 (internal headings omitted).

## II. DISCUSSION

**A.    Early Termination Standard**

Under 18 U.S.C. § 3583(e)(1), the court may:

> terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

Thus, the court may terminate a defendant's supervised release if (1) he has served at least one year; (2) considering the pertinent sentencing factors in 18 U.S.C. § 3553(a), as well as the defendant's conduct, termination is in the interest of justice; and (3) the government is given notice and an opportunity to be heard. See United States v. Medina, 17 F. Supp. 2d 245, 245 (S.D.N.Y. 1998).

**B.    Analysis**

Released from prison to supervision in August 2008, defendant has served more than one year, but on review of the § 3553(a) factors and the conduct of the defendant, I cannot conclude that termination would be in the interest of justice. Defendant indicates that he has stayed out of trouble since supervision began and done all that has been asked of him. However, the conduct of the defendant needed to justify early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination. Instead, termination has generally been granted only in cases with a new or unforeseen circumstance, or where the defendant's behavior has been exceptionally good. See, e.g., United States v. Kay, 283 Fed. Appx. 944, 946-47 (3d Cir. 2008); United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); United States

4

v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005); Medina, 17 F. Supp. 2d at 246-47. Defendant fails to demonstrate exceptionally good behavior.

Defendant does note one changed circumstance: in April 2009 he was involved in a serious auto accident, resulting in paralysis from the waist down. Defendant indicates that things have been hard for him since his accident, and he spends much time with doctors. However, he does not claim that the requirements of supervision are particularly onerous, or that they interfere with his rehabilitation. Defendant also notes that upon completion of federal supervision he will be on state probation. But defendant's desire to commence his consecutive state sentence does not provide a basis for early termination of the federal sentence.

Further, a review of the § 3553(a) factors supports continued supervision. As discussed in my original sentencing memorandum, defendant has a serious prior record, including multiple offenses involving violence, as well as a serious alcohol problem. While defendant's injuries may make it somewhat less likely that he will re-offend, continued supervision is necessary to protect the public, deter defendant, and ensure that his correctional treatment needs are addressed. See 18 U.S.C. § 3553(a)(2)(A), (B) & (C).

Finally, although they are relatively minor matters, I do note that defendant received a speeding citation following the car accident leading to his injuries. County of Fond du Lac v. Joshua M Peterson, Case No. 2009-TR-003989. And, according to a payment record presented by the government, he continues to owe on the $200 special assessment imposed as part of his original sentence, making no payments since December 2009.

5

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that defendant's request for early termination (R. 20) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of July, 2010.

                                        /s Lynn Adelman
                                        _____
                                        LYNN ADELMAN
                                        District Judge